UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVE NEAL,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

Defendant.

CASE NO. 10cv5623 JRC

ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule ("MJR") 13. (See also Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 4; Consent to Proceed Before a United States Magistrate Judge, ECF No. 12.) This matter has been fully briefed. (See ECF Nos.13, 14, 15.)

After considering and reviewing the relevant record, the undersigned finds that the Administrative Law Judge committed legal error in the evaluation of the lay witness testimony. This was not harmless error. The ALJ also did not evaluate properly plaintiff's testimony. For these reasons, the Court sets aside the decision of defendant Commissioner and remands this matter for further consideration by the Social Security Administration.

BACKGROUND

Plaintiff, STEVE NEAL, was born on August 8, 1964 (Tr. 60), and was in the U.S. Army from 1985 until 1991 (Tr. 80). Plaintiff worked as a pizza delivery driver from January, 1992 until May, 1997 (Tr. 80). Finally, plaintiff worked as a machinist from May, 1997, until May, 2002, when he was laid off due to lack of business (Tr. 79, 80).

PROCEDURAL HISTORY

Plaintiff applied for Social Security Disability and Supplemental Security Income benefits on February 13, 2004, alleging disability since January 8, 2004, due to pain in his neck, left shoulder and left arm. (Tr. 60-62, 79.) Plaintiff's claims were denied initially and following reconsideration, and he received his requested hearing on October 10, 2006 before Administrative Law Judge John Murdock (hereinafter "ALJ Murdock"). (Tr. 59, 575-616.)

On February 12, 2007, ALJ Murdock issued a written decision, which was unfavorable to plaintiff (Tr. 334-347). Plaintiff appealed this decision, which was reversed by the Appeals Council (Tr. 351-52). On November 3, 2008, plaintiff received a remand hearing before Administrative Law Judge Ruperta Alexis (hereinafter "the ALJ"). (Tr. 617-662.) On November 21, 2008, the ALJ issued a written decision finding that plaintiff "has not been under a disability as defined by the Social Security Act from January 8, 2004 through the date of this decision." (Tr. 29.)

On July 14, 2010, the Appeals Council denied plaintiff's request for review (Tr. 6-9), making the November 21, 2008 written decision by the ALJ the final decision by defendant Commissioner subject to judicial review. See 20 C.F.R. § 404.981. On September 1, 2010, plaintiff attached a complaint to his motion to proceed in forma pauperis (see ECF No. 1), and on

September 7, 2010, plaintiff filed a complaint seeking judicial review of the ALJ's written decision (see ECF No. 3).

In his opening brief, plaintiff contends that: (1) the ALJ committed legal error in her evaluation of the testimony provided by the lay witness -- plaintiff's mother; (2) the ALJ committed legal error in her evaluation of the testimony provided by plaintiff; (3) the ALJ committed legal error in her evaluation of the side-effects of plaintiff's pain medication; (4) the ALJ committed legal error in her evaluation of the medical evidence, including that provided by Drs. Wingate, Harris and Boyle; and, (4) that this case should be remanded for an award of benefits. (See ECF No. 13, p. 11.)

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (*citing* Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see Richardson v. Perales, 402 U.S. 389, 401 (1971).

DISCUSSION

1. The ALJ did not evaluate properly the testimony and credibility of the lay witness -- plaintiff's mother.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)). Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Van Nguyen, 100 F.3d at 1467 (*citing* Dodrill, 12 F.3d at 919); see also 20 C.F.R. § 404.1513(d)(3).

An ALJ may not rely on a witness' relationship or financial interest as a reason to discredit his or her testimony. Valentine v. Comm'r SSA, 574 F.3d 685, 694 (9th Cir. 2009). Absent "evidence that a specific [lay witness] exaggerated a claimant's symptoms *in order* to get access to his disability benefits," an ALJ may not reject that witness' testimony with a general finding that the witness is "an 'interested party' in the abstract." Id. (Emphasis in original.)

Here, the ALJ gave only one reason for discounting the testimony by plaintiff's mother regarding plaintiff's need for "rest periods during the day[1]." (See Tr. 26). The ALJ found that "the mother has a vested interest in the award of disability benefits to [plaintiff]." (id.) The ALJ does not specify what "vested interest" the mother has in her adult son's disability benefits, and does not specify any "evidence that [this] specific [lay witness] exaggerated [plaintiff]'s symptoms in order to get access to his disability benefits." (See id.) Therefore, the ALJ's finding that plaintiff's mother has a "vested interest" in the abstract is not a legitimate basis to reject her testimony. See Valentine, supra, 574 F.3d at 694.

In addition, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056. As plaintiff's mother testified that plaintiff "requires rest periods during the day," and "lies down after doing things," (see Tr. 26), the Court cannot conclude that "no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

Therefore, the ALJ's legal error when evaluating the testimony of plaintiff's mother cannot be considered harmless. See id. For this reason, the Court will set aside the Commissioner's denial of social security benefits in this matter. See Bayliss, supra, 427 F.3d at 1214 n.1; see also 42 U.S.C. § 405(g).

2. The ALJ did not evaluate properly the plaintiff's testimony and credibility.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694

[1] The Court finds proper the ALJ's rejection of "the mother's testimony that [plaintiff] has no social life," for the reasons given by the ALJ. (Tr. 26.)

F.2d 639, 642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing* Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." Fair, 885 F.2d at 603.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate specific reasons for doing so. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" Id. at 972 (*quoting* Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)); Reddick, 157 F.3d at 722 (citations omitted); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." Smolen, 80 F.3d at 1284. The decision of the ALJ should "include a discussion of why reported daily activity limitations or restrictions are or are not reasonably consistent with the medical and other evidence." SSR 95-5p 1995 SSR LEXIS 11. "[I]f a claimant 'is able to spend a *substantial part* of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to

this fact may be sufficient to discredit a claimant's allegations.'" Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (*quoting* Morgan, 169 F.3d at 600) (emphasis added in Vertigan).

The determination of whether to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; Smolen, 80 F.3d at 1281 (*citing* Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); Smolen, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms "based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing* Cotton, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. Smolen, 80 F.3d at 1283-84; Reddick, 157 F.3d at 722 (*citing* Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

In her written decision, the ALJ gives three reasons in support of her decision to "discount[] [plaintiff]'s testimony." (See Tr. 25-26.) First, the ALJ "notes that [plaintiff's] allegations of severe side effects from his pain medications are not documented in the medical evidence, nor is there any indication of attempts to adjust his medications." (Tr. 25.) However, these reasons do not provide much support for the adverse credibility finding as plaintiff's certified physician's assistant assigned functional limitations to plaintiff on the basis of his pain medications. (Tr. 433.) The basis for limitations in plaintiff's cognitive abilities was that he was "mentally intact when not taking oxycodone--however, must take B/D [*bis die*, i.e., twice daily]

for pain which [affects his] ability to drive, attend, [and] concentrate." (Id.) The certified physician's assistant also concluded that plaintiff's cognitive limitations were not likely to dissipate within 60 days of "sobriety," as "[plaintiff] must continue to take oxycodone for pain." (Id.) Therefore, the ALJ's finding "that [plaintiff's] allegations of severe side effects from his pain medications are not documented in the medical evidence" is not supported by the medical record. In addition, according to the relevant federal regulations, side-effects of medication taken for pain should be considered when assessing allegations of disabling symptoms. See 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929. For these reasons, the Court concludes that the ALJ committed legal error in her assessment of plaintiff's side effects resulting from his pain medications.

The next reason given by the ALJ in support of her decision to "discount[] [plaintiff]'s testimony," similarly is unavailing. (See Tr. 25-26.) The ALJ found that plaintiff's "description of ongoing severely limited neck motion and the need to support his neck are not supported by the medical records . . . . The recent VAMC treatment records contain no examination findings to support those allegations." (Tr. 26.) However, the VAMC treatment records contain the objective finding by Dr. Loueen J. Boyle, M.D., that plaintiff "always sits with head forward and has gritted teeth." (Tr. 131.) The same VAMC records also include a referral to physical therapy for plaintiff's "terrible neck pain." (Tr. 169.) The VAMC physical therapy record includes plaintiff's subjective report that he is "unable to tolerate upright neutral head position and limited neck lateral flexion to the Rt." (Tr. 170.) Finally, the VAMC treatment records include the objective finding that plaintiff suffers from "problems with holding head up [while] driving," as well as the assessment that plaintiff was "*writhing in pain when positioned with neutral neck position* in supine." (Tr. 170 (emphasis added).) For these reasons, the Court concludes that the ALJ's finding that plaintiff's "description of ongoing severely limited neck

motion and the need to support his neck are not supported by the medical records" is directly contrary to the VAMC medical records, which provide support for plaintiff's description and alleged need to support his neck. (Tr. 26, 131, 169, 170.)

The final reason given by the ALJ in support of her decision to "discount[] [plaintiff]'s testimony," was that plaintiff's "activities of daily living are inconsistent with disabling impairments." (Tr. 25, 26.) The ALJ lists plaintiff's activities, including "listening to the radio, reading the newspaper, taking a walk of half a mile, and helping his disabled mother." (Tr. 26.) The ALJ discussed how plaintiff reported that he could "prepare his own meals, do laundry and balance a checkbook." (Id.) However, the ALJ also noted that plaintiff "testified that he can only do chores for 15-20 minutes at a time and indicated that he then has to lie down." (Id.)

The ALJ did not find specifically that plaintiff was "'able to spend a *substantial part* of h[is] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting.'" Vertigan v. Halter, 260 F.3d at 1049. Therefore, a general listing of daily activities that may not be transferable to a work setting, is not "'sufficient to discredit a claimant's allegations.'" Id. The ALJ gives no reason to discount plaintiff's testimony regarding his need to lie down after only 15-20 minutes of doing chores. (Tr. 26.) Based on a review of the relevant record, the Court concludes that the ALJ's finding that that plaintiff's "activities of daily living are inconsistent with disabling impairments" (Tr. 26) is not a finding based on substantial evidence in the record as a whole. Bayliss, supra, 427 F.3d at 1214 n.1.

For the aforesaid reasons, and based on a review of the relevant record, the Court concludes that the ALJ committed legal error in her evaluation of plaintiff's testimony and credibility, providing an independent basis for reversal and remand of this matter.

3. Following remand, the ALJ should reevaluate the medical evidence.

The Court already has concluded that the ALJ committed legal error in her evaluation of the lay witness testimony provided by plaintiff's mother, as well as in her evaluation of plaintiff's testimony and credibility. See supra, sections 1 and 2. In addition, when evaluating plaintiff's credibility, the ALJ erroneously characterized the medical record. See supra, section 2. Therefore, the Court concludes that the ALJ's evaluation of the medical evidence was affected by her legal errors, and as a result, the ALJ must reevaluate the medical evidence anew following remand of this matter.

4. This case should be reversed and remanded for further evaluation by the Administration.

The Ninth Circuit has put forth a "test for determining when evidence should be credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (*quoting* Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996)).

Here, outstanding issues must be resolved, and the medical evidence is not conclusive. See Smolen, supra, 80 F.3d at 1292. In addition, the ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. Sample v. Schweiker, 694 F.2d 639,

642 (9th Cir. 1999) (*quoting* Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing* Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980)).

Therefore, remand is appropriate to allow the Administration the opportunity to consider properly the testimony by the lay witness as well as by the plaintiff, and to incorporate this proper evaluation into the reconsideration of the medical evidence and plaintiff's Residual Functional Capacity. See Sample, 694 F.2d at 642.

## CONCLUSION

The ALJ committed legal error in the evaluation of the lay witness testimony by plaintiff's mother, as well as in the evaluation of the testimony by plaintiff, and as a result, must reevaluate the medical evidence. Therefore, following remand of this matter, the Administrative Law Judge shall begin the five-step sequential disability evaluation at the determination of plaintiff's Residual Functional Capacity, and shall complete the remaining steps of the disability evaluation as necessary.

Because the ALJ committed legal error in the evaluation of the testimony by the lay witness as well as by the plaintiff, the decision of defendant on this matter is REVERSED and REMANDED.

IT IS SO ORDERED.

Dated this 4th day of May, 2011.

J. Richard Creatura
United States Magistrate Judge